**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael Antonio URQUILLA–AVALOS,**
**Defendant–Appellant.**

No. 04–41697.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 11, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Rafael Antonio Urquilla–Avalos unconditionally pleaded guilty to unlawful presence in the United States after deportation following a felony conviction for a drug trafficking offense. He was sentenced to 37 months of imprisonment and three years of supervised release. He appeals his conviction and sentence.

The Government correctly argues that Urquilla–Avalos' unconditional guilty plea waived all non-jurisdictional defects in the trial court proceedings against Urquilla–Avalos and bars an as-applied constitutional challenge to 8 U.S.C. § 1326(b). *United States v. Spruill*, 292 F.3d 207, 215 (5th Cir.2002); *United States v. Johnson*, 194 F.3d 657, 659 (5th Cir.1999), *vacated on other grounds and remanded*, 530 U.S. 1201, 120 S.Ct. 2193, 147 L.Ed.2d 230 (2000), *prior opinion reinstated with modification*, 246 F.3d 749 (5th Cir.2001). However, Urquilla–Avalos' unconditional

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty plea did not waive his right to assert that 8 U.S.C. § 1326(b) was facially unconstitutional. *See United States v. Knowles,* 29 F.3d 947, 952 (5th Cir.1994) (citing *Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (state court conviction)).

For the first time on appeal, Urquilla–Avalos contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. As Urquilla–Avalos concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." *United States v. Izaguirre–Flores,* 405 F.3d 270, 277–78 (5th Cir.2005) (internal quotation marks and citation omitted), *petition for cert. filed* (July 22, 2005) (No. 05–5469).

The conviction and sentence are AFFIRMED.